UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA A. TORRES, A MISSIONS INDIGENOUS LINEAL DESCENDANT AND A MEMBER OF THE PACUACHE CLAN OF TEXAS, ET. AL, | § § § § § § | No. SA:14–CV–555–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| THE CITY OF SAN ANTONIO, | § § | |
| Defendant. | § | |

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
DESIGNATION OF EXPERTS, WITNESSES, AND EXHIBITS

Before the Court is an Objection and Motion to Strike Plaintiff's Designation of Experts, Witnesses, and Exhibits filed by Defendant the City of San Antonio ("Defendant.")  (Dkt. # 52)  Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing.  For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Strike.  (Dkt. # 52.)

BACKGROUND

Pursuant to this Court's September 9, 2014 Scheduling Order, parties asserting claims for affirmative relief were required to designate their potential

1

witnesses, testifying experts, and proposed exhibits by serving the designation on all parties by October 26, 2014. (Dkt. # 30 at 4.)

On November 26, 2014, Plaintiff Maria Torres ("Plaintiff") filed her designation of witnesses, expert witnesses, and exhibits. (Dkt. # 50.) Plaintiff presents the Court with a list of no less than sixty-four witnesses and twenty-five expert witnesses. (Id.) On December 3, 2014, Defendant moved to strike Plaintiff's designations because Plaintiff failed to file her designations by the October 26, 2014 deadline and because she failed to comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure. (Dkt. # 52.) Defendant argues that Plaintiff has not filed a motion seeking leave to file an out of time list, nor has Plaintiff provided the Court with any explanation as to why she failed to comply with the Scheduling Order. (Id. at 1.)

## LEGAL STANDARD

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). The "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." JMC Constr. LP v. Modular Space Corp., No. 3:07–CV–1925–B, 2008 WL 4531819, at *8 (N.D. Tex.

Oct. 28, 2008) (quoting David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Caterpillar, Inc., 324 F.3d at 857.

When evaluating whether a violation of Rule 26 is harmless, the Court looks to four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004).

## DISCUSSION

I.  Explanation for Plaintiff's Failure to Disclose

As Defendant notes, Plaintiff has provided no explanation as to why she failed to file her designations by the October 26, 2014 deadline. After granting Plaintiff a forty-five day extension of all scheduling order deadlines on September 9, 2014, the Court warned Plaintiff that no further extensions would be granted absent extraordinary circumstances. (Dkt. # 30 at 5.) This factor weighs heavily in favor of Defendant.

II. The Importance of the Evidence

Neither party addressed the importance of the potential witnesses' testimony; therefore, the Court cannot make a definitive determination on this

element.  See Gerald v. Univ. of S. Miss. (USM), No. 2:12CV147–KS, 2013 WL 5592454, at *5 (S.D. Miss. Oct. 10, 2013) (ruling that when there is little evidence as to the importance of an expert testimony this factor only slightly militates against exclusion).  Accordingly, this factor favors neither Plaintiff nor Defendant.

III.   Prejudice in Allowing Testimony

As Defendant states in its Motion, Plaintiff's designations fail to comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff does not note whether her experts are designated under Rule 26(a)(2)(B) or Rule 26(a)(2)(C).  Witnesses designated under Rule 26(a)(2)(B) are retained or specially employed to provide expert testimony.  Plaintiff's disclosure of Rule 26(a)(2)(B) experts should have been accompanied by a written report, prepared and signed by each expert, containing: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case.  Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

Expert witnesses not designated under Rule 26(a)(2)(B) must comply with the requirements of Rule 26(a)(2)(C).  If her experts were designated under Rule 26(a)(2)(C), Plaintiff was required to state in her disclosure (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts an opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff's designations are not accompanied by written reports as required by Rule 26(a)(2)(B) or disclosure statements as required by Rule 26(a)(2)(C).  The purpose of these rules is to provide an opposing party with fair notice of the content of the experts' testimony; without the requisite information, Defendant is greatly prejudiced because it is left unaware of the testimony each expert plans to offer.  It cannot prepare to rebut the testimony or determine whether any further discovery may be warranted.  Therefore, this factor weighs heavily in favor of Defendant.

IV.     Possibility of Cure Through Continuance

A continuance is the preferred means of dealing with a party's attempt to designate a witness out of time.  <u>Campbell v. Keystone Aerial Surveys</u>, 138 F.3d 996, 999 (5th Cir. 1998).  This needs to be balanced against a trial court's need to control its docket.  A party's violation of the court's scheduling order should not routinely justify a continuance.  <u>Hamburger</u>, 361 F.3d at 884.  Here, Plaintiff has

routinely attempted to violate the Court's Scheduling Order, and has repeatedly been warned that she must comply with the Order. The Court recognizes that Plaintiff is proceeding pro se in this action, but pro se parties must still comply with court orders and the rules of procedure. See Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural . . . law."); Fox v. United States, No. 3:10cv126–DPJ–FKB, 2013 WL 1310558, at *3 (S.D. Miss. Mar. 28, 2013) ("[A]lthough pro se litigants are afforded substantial leeway, they too must comply with court orders and deadlines."). As the Court has warned Plaintiff on previous occasions, it will not grant any further continuances absent extraordinary circumstances. Because Plaintiff has not presented the Court with any circumstances justifying her filing out of time, the Court will not grant a continuance on this matter.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Strike. (Dkt. # 52.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, December 23, 2014.

---
David Alan Ezra
Senior United States Distict Judge

6