UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA A. TORRES, A MISSIONS INDIGENOUS LINEAL DESCENDANT AND MEMBER OF THE PACUACHE CLAN OF TEXAS, ET AL., | §<br>§<br>§<br>§<br>§<br>§ | No. SA:14–CV–555–DAE |
| Plaintiffs, | §<br>§ | |
| vs. | §<br>§ | |
| CITY OF SAN ANTONIO, | §<br>§ | |
| Defendant. | §<br>§ | |

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

Before the Court is a "Motion Requesting Appointment of Counsel" filed by Plaintiff Maria A. Torres ("Plaintiff"). (Dkt. # 67.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion, the Court **DENIES** Plaintiff's Motion to Appoint Counsel. (Dkt. # 67.)

BACKGROUND

Plaintiff originally filed this case in the 53rd Judicial District Court in Travis County, Texas, on January 3, 2014. (Dkt. # 1, Ex. A-1.) Defendant City of San Antonio ("the City") removed the case to the United States District Court for the Western District of Texas, Austin Division, on April 14, 2014. (Dkt. # 1.) On

1

June 19, 2014, Judge Sam Sparks, sitting in the Austin Division, ordered the case transferred to the San Antonio Division. (Dkt. # 11.) On July 7, 2014, Plaintiff, through her former counsel, filed an Amended Complaint against the City. (Dkt. # 14.) Plaintiff's Amended Complaint alleges that the City engaged in a procedure to change the use of parts of the HemisFair Park by ordinances and resolutions that would provide for the property to be used for non-park purposes, including residential, commercial, transportation, and parking uses. (Id. ¶ 7.)

Plaintiff further alleges that she attended several public meetings held by the City to voice her concern that the changes would disrupt or destroy American Indian burial sites and historical sites. (Id. ¶ 8.) Plaintiff claims that the City either refused to listen to her concerns or limited her presentation time to three minutes. (Id. ¶ 9.) Plaintiff states that on December 5, 2013, the City passed four ordinances and resolutions providing for changes in the uses of HemisFair Park. (Id. ¶ 10.) Plaintiff claims that the City's failure to consider her concerns violates § 26.001(c) of the Texas Parks and Wildlife Code as well as the First, Fourth, and Fourteenth Amendments to the United States Constitution. (Id. ¶¶ 11–12.)

The Court granted Plaintiff's counsel's motion to withdraw on August 13, 2014. (Dkt. # 26.) Since then, Plaintiff has represented herself pro se in this matter while searching for new counsel to represent her. To date, Plaintiff has been unsuccessful in retaining a new attorney. On February 10, 2015, Plaintiff

filed the Motion for Request to Appoint Counsel that is now before the Court as well as a Motion for Leave to File Motion Requesting Appointment of Counsel. (Dkt. # 67; Dkt. # 68.)

## LEGAL STANDARD

As a general matter, there is no automatic constitutional or statutory right to counsel for indigent litigants bringing civil rights claims. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). However, district courts should appoint counsel where "exceptional circumstances" are present. Id. Although no comprehensive definition of "exceptional circumstances" exists, courts in the Fifth Circuit consider the following factors in ruling on requests for appointment of counsel: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony, such that litigation will require skill in the presentation of evidence and cross examination. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). District courts should also consider whether the appointment of counsel would be a service to the litigants and the court itself "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." Id.

3

## DISCUSSION

Plaintiff asks the Court to appoint an attorney to represent her because she has had limited success as a pro se litigant, her income is limited, and she has made a good faith attempt to find an attorney to assist her pro bono. (Dkt. # 67 at 1.) The Court considers each of the relevant factors below.

### I.      Type and Complexity of Case

Although Plaintiff's filings are often lengthy and convoluted, her claims are actually quite simple. Plaintiff's Amended Complaint presents a fairly straightforward claim for municipal liability: she alleges that the City did not listen to her concerns regarding the ordinances and regulations changing the park's uses, and in doing so violated Texas law and her own constitutional rights. Where a plaintiff's pleadings contain no novel points of law and where the issues are not complex or confusing, there are no indicia of "exceptional circumstances." Terrell v. Med. Dept., No. 2:08cv94–KS–MTP, 2009 WL 2567433, at *1 (S.D. Miss. Aug. 18, 2009). Thus, this factor weighs against the appointment of counsel.

### II.     Ability to Adequately Present the Case

As previously noted, Plaintiff's filings are sometimes of less than ideal clarity. However, the Court has been able to ascertain her various requests for relief and rule on her motions without a great deal of difficulty. Likewise, the City has been able to appropriately respond to her motions. Because Plaintiff's

filings are sufficiently clear and the Court is able to respond to them in a proper manner, this factor likewise weighs against the appointment of counsel. <u>Maxwell v. Hininger</u>, No. 5:10cv00130–DCB–JMR, 2012 WL 3115833, at *1 (S.D. Miss. July 24, 2012).

The Court also notes that Plaintiff's inability to find counsel to represent her does not mean that she is entitled to court-appointed counsel. <u>See Chovanec v. Police Dept. City of Monroe</u>, No. 11–1798, 2012 WL 2376195, at *1 (W.D. La. June 22, 2012) (considering plaintiff's contention that he contacted more than fifty attorneys regarding his case and searched for attorneys in other cities throughout the state and denying his motion to appoint counsel).

III.    <u>Ability to Adequately Investigate the Case</u>

On February 10, 2015, Plaintiff filed a response to the City's Motion for Summary Judgment and/or Motion to Dismiss. (Dkts. ## 70–71.) Plaintiff attached no fewer than 211 pages of exhibits to her response. Furthermore, the Court notes that much of the relevant discovery in this case is part of the public record. The Court finds that Plaintiff has had no difficulty in adequately investigating her case.

IV.   Risk of Conflicting Testimony

The City's Motion for Summary Judgment and/or Motion to Dismiss (Dkt. # 60) does not dispute Plaintiff's version of the facts in this case.[1]  Instead, it argues that her claims fail as a matter of law or that the facts alleged in her Amended Complaint fail to state a claim upon which relief may be granted.  The Court therefore finds that there is little to no risk of conflicting testimony in this matter, and successful prosecution of the case will not require special skill in presenting evidence or cross examination.  This factor also weighs against the appointment of counsel.

V.   Service to Litigants and Court

The Court acknowledges that resolution of this case would likely come swifter and easier if Plaintiff were represented by counsel.  However, this is the situation in every matter in which a litigant represents him or herself pro se, and this factor by itself cannot support a decision to appoint counsel.  If this factor alone were enough to compel such a determination, the Court would be forced to appoint counsel for every pro se litigant that comes before it.

---

[1] The City does dispute Plaintiff's assertion that she was not permitted to speak at two public meetings held on December 5, 2013 and June 19, 2014 and provides the Court with evidence to the contrary.  (Dkt. # 60 at 9.)  This minor point of disagreement does not require the Court to appoint counsel for Plaintiff so that counsel may present evidence supporting Plaintiff's position on this point.

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby **DENIES** Plaintiff's

Motion to Appoint Counsel.  (Dkt. # 67.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, February 12, 2015.

David Alan Ezra
Senior United States Distict Judge