UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA A. TORRES, A MISSIONS INDIGENOUS LINEAL DESCENDANT AND A MEMBER OF THE PACUACHE CLAN OF TEXAS, ET. AL, | § § § § § § | No. SA:14–CV–555–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| THE CITY OF SAN ANTONIO, | § § | |
| Defendant. | § | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND/OR MOTION FOR SUMMARY JUDGMENT

Before the Court is a "Motion to Dismiss Pursuant to Fed. R. Civ. P.

12(b)(6) and/or Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56"

filed by Defendant the City of San Antonio ("Defendant" or "the City"). (Dkt.

# 60.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for

disposition without a hearing. After reviewing the Motion and the supporting and

opposing memoranda, the Court **GRANTS** Defendant's Motion to Dismiss and/or

Motion for Summary Judgment. (Dkt. # 60.)

BACKGROUND

On January 3, 2014, Plaintiff Maria Torres ("Plaintiff") filed her

Original Petition in the 53rd Judicial District of Travis County, Texas, asserting

1

claims against the City based on the San Antonio City Council's alleged failure to comply with Chapter 26 of the Texas Parks and Wildlife Code in connection with construction in the Hemisfair Park area in San Antonio, Texas.  (Dkt. # 1-1).  On April 14, 2014, the City filed its Notice of Removal to the United States District Court for the Western District of Texas, Austin Division, asserting that the federal court had original jurisdiction over Plaintiff's constitutional claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  (Dkt. # 1.)  On May 30, 2014, the City moved to transfer venue to the San Antonio Division of the Western District of Texas (Dkt. # 5), and on June 19, 2014, Judge Sam Sparks granted the City's Motion (Dkt. # 11).  The case was transferred to this Court's docket on the same day.  (Dkt. # 12.)

On July 7, 2014, after obtaining leave from the Court, Plaintiff filed an Amended Complaint.  ("Am. Compl.," Dkt. # 14.)  Plaintiff alleges that the City engaged in procedures to change the use of parts of the Hemisfair Park area by ordinances and resolutions that would provide for parts of the property to be used for non-park uses including residential, commercial, transportation, and parking uses.  (Id. ¶ 7.)  Plaintiff states that she and her "next friend supporters" are concerned that the changes will disrupt or destroy American Indian burial and historical sites.  (Id. ¶ 8.)

2

Plaintiff alleges that at several public meetings held by the City, including meetings on December 5, 2013 and June 19, 2014, Plaintiff and her friends "asked to be heard as presenters of 'clearly enunciated local preferences'" and attempted to voice their concerns regarding the Hemisfair changes.  (Id. ¶ 9.) Plaintiff claims that the City refused to consider their concerns by substantially limiting presentation to three minutes or not allowing presentation at all.  (Id.)

Plaintiff states that on December 5, 2013, the City passed the following four ordinances and regulations regarding the changing uses in Hemisfair Park:  (1) an ordinance changing the use of portions of Hemisfair Park; (2) an ordinance adopting an Urban Land Bank Demonstration Program for Hemisfair Park; (3) a resolution adopting bylaws for appointing officers of the Hemisfair Park Public Facilities Corporation; and (4) a resolution acknowledging the City Council's approval of the Hemisfair Park Public Facilities Corporation as a "land bank."  (Id. ¶ 10.)

Plaintiff asserts that the City's refusal to hear her "clearly enunciated local preferences" violates § 26.001(c) of the Texas Parks and Wildlife Code.  (Id. ¶ 11.)  Plaintiff further asserts that as a result of the City's failure to listen to her concerns, the ordinances and regulations are invalid pursuant to § 26.003 of the Texas Parks and Wildlife Code.  (Id.)  Plaintiff also claims that the City's actions violate the First, Fourth, and Fourteenth Amendments to the United States

3

Constitution.  (Id. ¶ 12.)  Finally, Plaintiff requests that the City be enjoined from implementing the ordinances and regulations and moving forward with the Hemisfair Park construction until the City complies with § 26.001(c) of the Texas Parks and Wildlife Code.  (Id. ¶ 13.)

On January 13, 2015, the City filed the instant Motion to Dismiss and/or Motion for Summary Judgment.  ("Mot.," Dkt. # 60.)  On February 10, 2015, Plaintiff filed an untimely Response.  (Dkt. # 70.)  On the same day, Plaintiff also filed a Supplement to her Response.  (Dkt. # 71.)  On February 16, 2015, the City filed a Reply.  (Dkt. # 76.)  On March 13, 2015, Plaintiff filed a second Response.  (Dkt. # 78.)

## LEGAL STANDARDS

I.    Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina

Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby

Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).

        To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009).  Although "detailed factual allegations" are not

necessary, a plaintiff must provide "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Twombly,

550 U.S. at 555.  The statements in the complaint must be sufficiently detailed to

"give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests." Id.

## II.    Motion for Summary Judgment

        Summary judgment is proper where the evidence demonstrates "that

there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a); Cannata v. Catholic Diocese

of Austin, 700 F.3d 169, 172 (5th Cir. 2012).  A dispute is only genuine "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving

party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial.  Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence."  Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

<u>DISCUSSION</u>

Plaintiff's Amended Complaint alleges violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution as well as violations of the Texas Parks and Wildlife Code.  (Am. Compl. ¶¶ 11–12.)  Plaintiff also requests injunctive relief.  (<u>Id.</u> ¶ 13.)  The Court addresses each of Plaintiff's claims and the City's arguments below.

I.    <u>Municipal Liability</u>

Although Plaintiff does not mention 42 U.S.C. § 1983 in her Amended Complaint, the City surmises that Plaintiff is attempting to pursue her constitutional claims under a theory of municipal liability pursuant to this statute.  (Mot. at 5–8.)  "Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  <u>Wilder v. Va. Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990).  The Supreme Court has explained that § 1983 "provides a cause of action for violations of federal statues as well as the Constitution."  <u>Id.</u> (citing <u>Maine v. Thiboutot</u>, 448 U.S. 1, 4 (1980)).

Federal courts, and the Fifth Circuit in particular, have been hesitant to find causes of action arising directly from the Constitution.[1]  <u>Hearth, Inc. v.</u>

---

[1] In an unpublished opinion, the Fifth Circuit noted that "[e]ven the most cursory reading of our case law demonstrates beyond cavil that we have permitted prosecution of such actions directly under the Constitution only when necessitated

Dep't of Pub. Welfare, 617 F.2d 381, 382 (5th Cir. 1980).  Instead, the Fifth

Circuit recognizes that § 1983 provides a means for seeking relief against a state

actor who violates the Constitution.  Id. at 383.  Because Plaintiff represents

herself pro se in this matter, the Court must liberally construe her filings.  See

Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Windland v. Quarterman, 578

F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that

[the court] construe pro se briefs liberally").  Thus, the Court construes Plaintiff's

constitutional claims as claims brought under § 1983.

      A municipality is a "person" subject to suit under § 1983.  Zarnow v.

City of Wichita Falls, Tex., 614 F.3d 161, 166 (5th Cir. 2010) (citing Monell v.

N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)).  A local government may

be sued "if it is alleged to have caused a constitutional tort through a 'policy

statement, ordinance, regulation, or decision officially adopted and promulgated by

that body's officers.'"  Id. (quoting City of St. Louis v. Praprotnik, 485 U.S. 112,

121 (1988)).  Municipal liability under § 1983 thus requires proof of three

elements: (1) a policymaker, (2) an official policy, and (3) "a violation of

---

by a total absence of alternative courses and 'no other means' existed to seek
'redress for flagrant violations of the plaintiff's constitutional rights.'  When a
statutory mechanism is available, § 1983 being a prime example, plaintiffs must
invoke its protection."  Berger v. City of New Orleans, 273 F.3d 1095, 2001 WL
1085131, at *1 (5th Cir. 2001) (citing Hearth, Inc. v. Dep't of Pub. Welfare, 617
F.2d 381, 382 (5th Cir. 1980)).

constitutional rights whose moving force is the policy or custom." Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir. 2001) (citing Monell, 436 U.S. at 578)).

The City argues that Plaintiff's claims must be dismissed because she has failed to allege that her rights were violated by a City ordinance or custom. (Mot. at 8.)  Put otherwise, the City contends that Plaintiff's Amended Complaint fails to properly plead the third element of Monell.  To succeed on the third element, Plaintiff must prove both (1) that she suffered a constitutional injury and (2) that the injury was the result of a municipal policy or custom.  The Court addresses each of Plaintiff's constitutional claims in turn.

A.   First Amendment

Plaintiff alleges that the City violated her First Amendment right to free speech when it either limited her presentation at public forum meetings to three minutes or did not allow her to present at all.  (Am. Compl. ¶¶ 9, 12.)  The First Amendment prohibits the government from abridging the freedom of speech, but it does not prohibit all regulation of expressive activity.  The first step in the Court's analysis is to determine the nature of the forum at issue.  Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 800 (1985).  The Supreme Court has sorted government property into three categories of "public" forums: (1) the traditional public forum, (2) the designated public forum, and (3) the

9

limited public forum.  Christian Legal Soc'y Ch. of the Univ. of Cal., Hastings C.

of the L. v. Martinez, 561 U.S. 661, 679 n.11 (2010).

       "Traditional public forums are places that by long tradition or by

government fiat have been devoted to assembly or debate," such as public streets

and parks.  Chiu v. Plan Indep. Sch. Dist., 260 F.3d 330, 344 (5th Cir. 2001)

(internal quotation marks omitted).  Designated public forums, in contrast, are

created when "government property that has not traditionally been regarded as a

public forum is intentionally opened up for that purpose."  Christian Legal Soc'y,

561 U.S. 679 n.11.   In both traditional public forums and designated public

forums, "any restriction based on the content of . . . speech must satisfy strict

scrutiny, that is, the restriction must be narrowly tailored to serve a compelling

government interest."  Id.; Pleasant Grove City v. Summum, 555 U.S. 460, 469

(2009).

       Lastly, governmental entities create limited public forums "by

opening property limited to use by certain groups or dedicated solely to the

discussion of certain subjects."  Christian Legal Soc'y, 561 U.S. 679 n.11.

"Restrictions on speech in a limited public forum are subject to a lower level of

scrutiny than those in a traditional or designated public forum."  Wenthold v. City

of Farmers Branch, Tex., No. 3:11-CV-0748-B, 2012 WL 467325, at *7 (N.D.

Tex. Feb. 14, 2012) (citing Good News Club v. Milford Cent. Sch., 533 U.S. 98,

106–07 (2001)).  In limited public forums, "a government entity may impose restrictions on speech that are reasonable and viewpoint-neutral."  <u>Christian Legal Soc'y</u>, 561 U.S. 679 n.11.

Some circuit courts hold that public meetings constitute designated public forums.  <u>See</u> <u>Surita v. Hyde</u>, 665 F.3d 860, 869 (7th Cir. 2011); <u>Mesa v. White</u>, 197 F.3d 1041, 1044 (10th Cir. 1999).  Others have held that public meetings are limited public forums.  <u>See</u> <u>Galena v. Leone</u>, 638 F.3d 186, 198–99 (3d Cir. 2011); <u>Steinburg v. Chesterfield Cnty. Planning Com'n</u>, 527 F.3d 377, 384–86 (4th Cir. 2008); <u>Eichenlaub v. Twp. of Ind.</u>, 385 F.3d 274, 280–81 (3d Cir. 2004); <u>Rowe v. City of Cocoa, Fla.</u>, 358 F.3d 900, 802 (11th Cir. 2004).  Regardless of how the forum is characterized, however, the Court finds that the City's actions were constitutionally permissible.  The San Antonio Municipal Code provides that individuals who sign up to speak at a city council meeting are permitted to speak for three minutes, with a nine-minute maximum time limit for any one meeting.  San Antonio Mun. Code ch. 2, art. II § 2-35(a)(1)(d).  The mayor or presiding officer may, as his or her discretion, increase or reduce the amount of time a person has to address the city council.  <u>Id.</u> § 2-35(a)(1)(a).

"Courts discussing public comment periods at government meetings have routinely found that the governing body may restrict speakers to the subject at hand, impose time limits on speakers, and prevent disruptions of the meeting."

<u>Wenthold</u>, 2012 WL 467325, at *8 (citing <u>Steinburg</u>, 527 F.3d at 384–86; <u>Kindt v. Santa Monica Rent Control Bd.</u>, 67 F.3d 266, 270–71 (9th Cir. 1995); <u>Heyman</u>, 888 F.2d at 1332–34.  In so holding, courts have found that time limits of two to three minutes "are the kind of reasonable time, place, and manner restrictions that preserve a board's legitimate interest in conducting efficient, orderly meetings." <u>Kindt</u>, 67 F.3d at 271 (upholding board regulation restricting public commentary to three minutes per item); <u>accord</u> <u>Wenthold</u>, 2012 WL 467325, at *9 (upholding regulation limiting speaking time to two minutes); <u>Finger v. Garza</u>, No. SA-02-CA-0956-RF, 2003 WL 22768236, at *3 (W.D. Tex. Oct. 7, 2003) (upholding the San Antonio rule at issue).  This Court likewise finds that the City's three-minute time limit is a constitutionally permissible method of maintaining order at city council meetings.  <u>See</u> <u>Wenthold</u>, 2012 WL 467325, at *9 (finding that city council was allowed to limit speakers to two minutes regardless of whether council meetings were designated or limited public forums).

Plaintiff also claims that she was denied the opportunity to speak at some city council meetings.  (Am. Compl. ¶ 9.)  Plaintiff does not provide specific dates; instead, she states that on December 5, 2013, and at subsequent meetings, including a meeting held on June 19, 2014, she was either limited to three minutes of presentation time or not allowed to speak at all.  (<u>Id.</u>)  The City, however, provides evidence in the form of city council meeting minutes that Plaintiff signed

up and was allowed to speak on both December 5, 2013 and June 19, 2014.  (Dkt. # 24, Ex. A-3 at 38; id., Ex. A-4 at 5.)  As such, the Court finds that there is no genuine issue of material fact as to whether the City unlawfully restricted Plaintiff's speech.[2]

> B.   Fourth Amendment

Plaintiff next alleges that the City's actions violate her Fourth Amendment rights.  (Am. Compl. ¶ 12.)  The Fourth Amendment to the Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  The City argues, and the Court agrees, that Plaintiff has failed to articulate any facts in her Amended Complaint alleging that she was the subject of an unreasonable search or seizure by the City.

The Court surmises that Plaintiff may have intended to state a claim under the Privileges and Immunities Clause of Article IV of the U.S. Constitution. The Privileges and Immunities Clause requires states to afford citizens from other states the same protection of fundamental rights that they would afford their own citizens.  McBurney v. Young, 133 S. Ct. 1709, 1714 (2013).  Here, Plaintiff seeks to stop the development of Hemisfair Park on the basis that the City failed to listen

---

[2] To the extent Plaintiff alleges that she was denied the opportunity to speak on other occasions, she has failed to allege any facts supporting her claim, and the Court finds that such claim should be dismissed.

to her "clearly enunciated local preferences."  (Am. Compl. ¶ 13.)  However,

Plaintiff also states that she is a citizen of Texas, (id. ¶ 1), and the Privileges and

Immunities Clause thus does not apply to her claims.

      C.     Fourteenth Amendment

      Finally, Plaintiff alleges that the City violated her Fourteenth

Amendment right to equal protection when it allowed non-Indians to be heard as

presenters of "clearly enunciated local preferences," but either limited her

presentation time or did not allow her to speak.  (Am. Compl. ¶¶ 9, 12.)  The Equal

Protection Clause of the Fourteenth Amendment provides that no state shall "deny

to any person within its jurisdiction the equal protection of the laws." U.S. Const.

amend. XIV.  To maintain an equal protection claim, a plaintiff must allege and

prove that she "received treatment different from that received by similarly situated

individuals and that the unequal treatment stemmed from a discriminatory intent."

Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001).

      "In order to state a claim of racial discrimination under the Equal

Protection Clause and § 1983, a plaintiff must demonstrate that [a] governmental

official was motivated by intentional discrimination on the basis of race."

Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).  Here,

Plaintiff insinuates that her presentation time was limited because of her race, but

has not pled any facts showing that her race motivated the City to limit her

presentation time.  Because a plaintiff's subjective belief that she was

discriminated against on the basis of race is insufficient to provide a basis for

relief, Byers v. Dall. Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000),

Plaintiff has failed to state a claim under the Equal Protection Clause.

      D.    <u>Conclusion</u>

      In sum, the Court agrees with the City that Plaintiff has failed to

properly plead the third element of a § 1983 municipal liability claim.   Because

Plaintiff has not shown that she suffered a constitutional injury, she cannot

maintain her constitutional claims against the City.  Specifically, the Court

**GRANTS** summary judgment in favor of the City with respect to Plaintiff's First

Amendment claim, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Fourth

Amendment, Article IV Privileges and Immunities, and Fourteenth Amendment

Equal Protection claims.

II.    <u>Texas Parks and Wildlife Code</u>

      Plaintiff also asserts that the City's refusal to hear her "clearly

enunciated local preferences" violates § 26.001(c) of the Texas Parks and Wildlife

Code.  (Am. Compl. ¶ 11.)  Plaintiff further contends that as a result of the City's

failure to listen to her concerns, the ordinances and regulations are invalid pursuant

to § 26.003 of the Texas Parks and Wildlife Code.  (Id.)  The Code provides that

"[t]he governing body or officer shall consider clearly enunciated local

preferences" when considering "any program or project that requires the use or taking of any public land designated and used prior to the arrangement of the program or project as a park, recreation area, scientific area, wildlife refuge, or historic site."  Tex. Parks & Wildlife Code § 26.001(a), (c).

As explained above, Plaintiff has failed to show that the City refused to consider her "clearly enunciated local preferences."  Rather, the City's evidence shows that Plaintiff spoke at the meetings about which Plaintiff complains.  (Dkt. # 24, Ex. A-3 at 38; id., Ex. A-4 at 5.)  The Court therefore **GRANTS** summary judgment in favor of the City on Plaintiff's Texas Parks and Wildlife Code claim.

III.    Injunctive Relief

Because the Court has either granted summary judgment for the City or dismissed all of Plaintiff' substantive claims, she is not entitled to injunctive relief.  See Filgueira v. U.S. Bank Nat'l Ass'n, 734 F.3d 420, 423 (5th Cir. 2013) (where a plaintiff's substantive claims are subject to dismissal on the merits, she cannot establish any likelihood of success on the merits warranting injunctive relief).

CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss and/or Motion for Summary Judgment (Dkt. # 60).  The Court **GRANTS** summary judgment in favor of the City with respect to Plaintiff's First

16

Amendment and Texas Parks and Wildlife Code Claims.  The Court further

**DISMISSES WITHOUT PREJUDICE** Plaintiff's Fourth Amendment, Article

IV Privileges and Immunities, and Fourteenth Amendment Equal Protection

claims.  All pending motions are **DENIED AS MOOT.**

           **IT IS SO ORDERED.**

           **DATED:** San Antonio, Texas, July 9, 2015.

_____

David Alan Ezra
Senior United States District Judge
